**Breen v. Klein**

384

C.P. of Monroe County, no. 194 Civil 2001.

*John B. Dunn,* for plaintiff.
*Eugene D. Sperazza,* for defendant Pocono Surgical Associates.
*John R. Hill,* for defendant Klein.

WORTHINGTON, *J.*, November 26, 2002—Plaintiffs instituted this action for medical malpractice alleging that defendant Dr. Klein failed to exercise proper care in diagnosing and removing Timothy Breen's inflamed appendix. Defendant Dr. Klein, as averred, never informed Mr. Breen, or his wife, of the difficulties which he had during surgery in January 1999, or that he did not remove the whole appendix. In May of 1999, Mr. Breen suffered another acute episode of appendicitis, was hospitalized and underwent a second appendectomy. Dr. Paul, defendant Dr. Klein's business partner, then informed Mr. Breen that defendant Dr. Klein had not removed his entire appendix.

Plaintiffs filed a complaint on January 9, 2001. Preliminary objections were filed, which were sustained. An amended complaint was then filed. On February 27, 2001, plaintiffs served on defendants, Pocono Surgical Associates and Dr. Klein, a set of interrogatories and requests for production of documents. On March 9, 2001, defendant Pocono Surgical Associates objected to plaintiffs' interrogatory number 14. Defendant Dr. Klein made no objections. Neither defendant responded to the requests, and in mid-June plaintiffs' counsel sent correspondence regarding its requests. Plaintiffs' counsel received no answer to the correspondence and subsequently filed a motion to compel with this court. This court issued an order on July 11, 2001, in which a rule was issued upon both defendants, returnable to July 31, 2001.

Both defendants subsequently filed an answer to the rule but not the discovery. Plaintiffs then sought an argument on its motion to compel and the imposition of

sanctions. An argument was scheduled for August 14, 2001, by order dated August 7, 2001. On August 8, 2001, counsel for both defendants faxed interrogatory answers to plaintiffs' counsel.

This court issued an order on October 3, 2001, granting plaintiffs' motion to compel answers to interrogatories. Defendant Dr. Klein submitted answers to plaintiffs' interrogatories on December 6, 2001. On March 5, 2002, defendant Pocono Surgical Associates Inc. submitted its second supplemental answers to plaintiffs' interrogatories.

On March 26, 2002, plaintiffs filed a motion for pretrial conference pursuant to Pa.R.C.P. §212.3. By order dated April 8, 2002, this court scheduled a pretrial conference for May 16, 2002. On April 23, 2002, defendant Pocono Surgical Associates filed its answer to plaintiffs' motion wherein it also requested a pretrial conference.

All parties filed a pretrial memorandum of law. On May 31, 2002, defendant Dr. Klein filed a memorandum of law in opposition to plaintiffs' pretrial memorandum. On August 20, 2002, plaintiffs filed a motion pursuant to Pa.R.C.P. §4006(a)(2). A rule was issued upon defendant Dr. Klein on August 23, 2002, to show cause why plaintiffs' prayer for motion to dismiss his objections to plaintiffs' interrogatories, Set II, should not be granted, returnable to September 19, 2002.

On September 10, 2002, plaintiffs filed a motion for sanctions pursuant to Pa.R.C.P. 4019(a)(1)(i) and (viii). By order dated September 12, 2002, defendant Dr. Klein was compelled to provide a factually detailed "plain English" response and the reasons why defendant Dr.

Klein's association with Pocono Surgical Associates Inc. was terminated. On September 13, 2002, defendant Dr. Klein filed an answer and a memorandum of law in opposition of plaintiffs' motion pursuant to Pa.R.C.P. §4006(a)(2). On October 30, 2002, plaintiffs filed a memorandum of law in support of their motion pursuant to Pa.R.C.P. §4006(a)(2). Arguments were heard on November 4, 2002.

We are now ready to dispose of this matter.

## DISCUSSION

Plaintiffs contend that defendant Dr. Klein's objections to interrogatories should be dismissed and that defendant Dr. Klein should be required to answer said interrogatories as the answers are relevant given recent developments concerning the litigation between defendant Dr. Klein and Dr. Paul. Conversely, defendant Dr. Klein asserts that answers are not required as they are immaterial and therefore not relevant to the issues raised in the underlying negligence action since the treatment was rendered in January 1999.

"Rule 4003.1. Scope of discovery generally. Opinions and contentions

"(a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, docu-

ments, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

"(b) It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Pa.R.C.P. §4003.1(a) & (b).

Pennsylvania Rules of Civil Procedure §4005(c) provides, in pertinent part:

"Rule 4005. Written interrogatories to a party

"(c) Interrogatories may relate to any matters which can be inquired into under Rules 4003.1 through 4003.5 inclusive . . . ." Pa.R.C.P. §4005(c).

In the instant case, plaintiffs' counsel recently learned of litigation between defendant Dr. Klein and his former business partner, Dr. Paul, concerning the termination of the parties' business partnership. The litigation specifically referenced the issue of defendant Dr. Klein's alleged disability. Dr. Paul's complaint alleged, inter alia, that as of May 11, 2000, defendant Dr. Klein suffered from a disability thereby rendering him unable to perform his normal duties on a full-time basis in accordance with the employment agreement.

As a result of ascertaining this information, plaintiffs believe it is necessary and appropriate to determine the nature and extent of defendant Dr. Klein's alleged disability, prior symptoms and/or conditions which may have existed at the time of Mr. Breen's appendectomy. As a result, plaintiffs furnished defendant Dr. Klein with

a total of nine new interrogatories pertaining to the alleged disability.

Defendant Dr. Klein objected to these interrogatories on the grounds that they are irrelevant. We disagree.

Plaintiffs want to determine if defendant Dr. Klein was symptomatic of the alleged disability at the time of plaintiff Mr. Breen's appendectomy. To establish a case of professional negligence, the patient is required to show that the professional conduct of the patient's doctor fell below the standards of reasonable medical practice and that the patient's injuries were caused by the failure to adhere to such standards. *Tarter v. Linn,* 369 Pa. Super. 155, 578 A.2d 453 (1990). Whether or not defendant Dr. Klein was symptomatic of the alleged disability at the time of plaintiff's surgery is relevant to establish a case of professional negligence in that defendant Dr. Klein's professional conduct of operating while symptomatic of an alleged disability would fall below the standards of reasonable medical practice. As a result, the answers to interrogatories may, as Pa.R.C.P. §4003 provides, lead to the discovery of admissible evidence.

However, as the scope of the submitted interrogatories is overly broad, we will limit said interrogatories to the period of time that is relevant in this matter.

For the reasons set forth above, we enter the following:

## ORDER

And now, November 26, 2002, after argument on plaintiffs' motion to dismiss defendant's objections to interrogatories, same is granted in part and denied in part.

Following review of the record and briefs submitted, it is hereby ordered:

(1) Plaintiffs' interrogatories are limited as follows:

(a) Did you become disabled, either partially or fully, at any time since January 1999?

(b) If the preceding interrogatory was answered in the affirmative, please list the nature and extent of any disability and the date on which you first sought or received treatment.

(c) Has any doctor or other medical professional rendered an opinion since January of 1999 as to your physical or mental ability to engage in the practice of general and vascular surgery?

(d) If the answer to the previous interrogatory is in the affirmative, please indicate the name and address of that doctor or professional and the date upon which the opinion was rendered.

(e) Did any of the symptoms related to the disability exist in January of 1999? If so, please describe the nature of the symptoms and/or conditions and the date(s) upon which they occurred.

(f) At any time since 1995, has any professional(s), medical or otherwise, recommended that you either limit medical practice or withdraw, even temporarily, from the active practice of medicine. If the answer is in the affirmative, please list the name(s) of the professional(s) and their address(es).

(2) Defendant Dr. Klein shall serve upon plaintiffs' counsel full and complete answers to the above interrogatories, within 10 days of this order or suffer such sanctions as this court may thereafter deem appropriate.

(3) All other interrogatories contained in plaintiffs' request dated July 9, 2002, are denied.